IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

HOLLY G. DICOCCO,

    Plaintiff,

v.                                         CIVIL ACTION NO. 2:24-cv-85
                                                    (Removed from Circuit Court of Kanawha County
                                                    Civil Action No. 24-C-25)

ALLSTATE PROPERTY and CASUALTY
INSURANCE COMPANY and
DEIDRA BROWDER,

    Defendants.

# Notice of Removal

Defendant, Allstate Property and Casualty Insurance Company ("Allstate"), by counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of its removal of a cause of action commenced in the Circuit Court of Kanawha County, styled *Holly G. DiCocco, Plaintiff, v. Allstate Property and Casualty Insurance Company and Deidra Browder, Defendants*, Civil Action No. 24-C-25 (the "State Court Action"), to the United States District Court for the Southern District of West Virginia. In support of its *Notice of Removal*, Allstate states as follows:

1. On January 11, 2024, Plaintiff, Holly G. DiCocco filed the State Court Action with the Circuit Court of Kanawha County. [*See*, Complete Copy of State Court Action, attached hereto as Exhibit 1]; [Docket Sheet, attached hereto as Exhibit 2.]

2. In the State Court Action, Plaintiff alleges, among other things, that:

    a. Plaintiff sustained severe and permanent injuries in an auto accident on March 7, 2023, including a back injury, which has affected her ability to work.

    b. The tortfeasor Amber Childers's policy with Geico failed to cover the injuries that Plaintiff sustained.

      c.      Plaintiff maintained underinsured motorist coverage with Allstate.

      d.      Plaintiff made a claim for underinsured motorist benefits for her injuries.

      e.      Allstate offered amounts below the damages that Plaintiff claims remain following her settlement with Ms. Childers.

[Exhibit 1, Compl. at ¶¶ 3-15.]

3. Based on the above, Plaintiff alleges three (3) causes of action: (i) breach of contract (Allstate); (ii) common law bad faith (Allstate); and (iii) unfair trade practices (Allstate and Browder). [Exhibit 1, Compl. at ¶¶ 29-54.]

4. Plaintiff requests, among other things, compensatory damages, consequential damages, actual damages, punitive damages, attorney's fees and pre- and post-judgment interest. [Exhibit 1, Compl. at p. 8-9.]

5. To date, Ms. Browder has not been served, and accordingly, her consent is not required.

## Procedural History

6. 28 U.S.C. § 1446 requires Allstate to remove this civil action within thirty (30) days of receipt of the summons and complaint. 28 U.S.C. § 1446.

7. On January 23, 2024, Allstate's service of process agent, Corporation Service Company, accepted service for Allstate on Plaintiff's Complaint. [*See*, Notice of Service of Process, attached hereto as Exhibit 3.]

8. Allstate timely filed this Notice of Removal pursuant to 28 U.S.C. § 1446. *See* 28 U.S.C. § 1446(b)(2)(B).

## Diversity Jurisdiction

9. 28 U.S.C. § 1441 allows Allstate to remove a civil action from state court to federal court if: (i) the amount in controversy meets or exceeds Seventy-Five Thousand Dollars ($75,000.00) and (ii) the civil action involves a controversy between citizens of different states. 28 U.S.C. § 1441.

## Citizenship

10. To establish diversity jurisdiction, Allstate must prove diversity of citizenship in order to remove the State Court Action. 28 U.S.C. §§ 1332(a)(1); 1441.

11. At the time Plaintiff filed her Complaint, Plaintiff alleged that she was "a resident of Putnam County, West Virginia." [Exhibit 1, Compl. at ¶ 1.]

12. Conversely, Defendant Allstate is an Illinois company with its principal place of business in Illinois. [*See*, Allstate Secretary of State Information, attached hereto as Exhibit 4.]

13. Additionally, as stated in Plaintiff's Complaint, Defendant Deidra Browder "resides outside of the State of West Virginia," as she is domiciled in Virginia. [Ex 1, Compl. at ¶ 3.]

14. Consequently, complete diversity exists under 28 U.S.C. §§ 1332(a)(1) and 1441.

## Amount in Controversy

15. In addition to establishing diversity of citizenship, Allstate must also establish, by a preponderance of the evidence, that the "the sum demanded in good faith in the initial pleading" meets or exceeds the jurisdictional threshold of Seventy-Five Thousand Dollars ($75,000.00). 28 U.S.C. § 1446(c)(2); *see Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013).

16. In her Complaint, Plaintiff alleges that Allstate violated the UTPA and breached Plaintiff's policy by offering an amount less than her injuries. [Exhibit 1, Compl. at ¶¶ 29-54.]

17. Specifically, on October 12, 2023 Plaintiff sent a letter to Deidra Browder demanding $50,000.00 to resolve her underinsured motorist claim fully. [*See*, Oct. 12, 2023, Demand Ltr. DiCocco to Browder, attached hereto as Exhibit 5].

18. Additionally, Plaintiff requests an award of attorneys' fees presumably under *Hayseeds v. State Farm & Casualty Company*, 352 S.E.2d 73 (W. Va. 1986). [Exhibit 1, Compl. at p. 9.]

19. In the event Plaintiff substantially prevails on her claim, this Court could award a third (1/3) of the policy amount in dispute ($33,333.33). *See Bailey v. Bradford*, 12 F. Supp. 3d 826, 835-36 (S.D. W. Va. 2014) (awarding plaintiff *Hayseeds* attorneys' fees of one-third (1/3) of the policy amount in dispute); *see also Marshall v. Saseen*, 450 S.E.2d 791, 797 (W. Va. 1994) (awarding *Hayseeds* damages because insured substantially prevailed by showing the existence of both coverage and damages related to the accident).

20. Finally, in evaluating the amount in controversy, this Court may consider a request for punitive damages. *See White v. J.C. Penny Life Ins. Co.*, 861 F. Supp. 25, 27 (S.D. W. Va. 1994) (finding an award of punitive damages in excess of $10,000.00 reasonable considering plaintiff's claims for violation of the UTPA for purposes of determining whether diversity jurisdiction existed); *see also Hicks v. Herbert*, 122 F. Supp. 2d 699, 701 (S.D. W. Va. 2000) (noting, in considering whether Complaint alleges sufficient amount in controversy, "[t]his Court has previously found that a request for punitive damages, where properly recoverable, inevitably inflates a plaintiff's potential recovery."); *Bryant v. Wal-Mart Stores, E.*, 117 F. Supp. 2d 555, 556 (S.D. W. Va. 2000).

21. West Virginia Code § 55-7-29(c) allows a plaintiff to recover "the greater of four times the amount of compensatory damages or $500,000, whichever is greater." W. VA. CODE § 55-7-29(c) (2015).

22. Plaintiff requests punitive damages against Defendants in her Complaint. [Exhibit 1, Compl. at p. 10.]

23. No question exists that the amount in controversy exceeds the jurisdictional threshold of 28 U.S.C. §§ 1332, 1441.

## Compliance with 28 U.S.C. § 1446

24. Allstate will provide written notice of the filing of this *Notice of Removal* to Plaintiff promptly after filing the same, as required by 28 U.S.C. § 1446.

25. Allstate will file a true and correct copy of this *Notice of Removal* with the Circuit Court of Kanawha County, West Virginia, as required by 28 U.S.C. § 1446.

26. This *Notice of Removal* is signed pursuant to 28 U.S.C. § 1446 and Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Allstate respectfully prays that the entire action be removed from the Circuit Court of Kanawha County, West Virginia, to the United States for the Southern District of West Virginia, as provided by law.

Dated this 22nd day of February 2024.

                                      ALLSTATE PROPERTY and CASUALTY
                                      INSURANCE COMPANY
                                      By Counsel

/s/ *Ronda L. Harvey*
Ronda L. Harvey (WVSB # 6326)
Kendra M. Amick (WVSB # 14431)
Bowles Rice LLP
600 Quarrier Street
Charleston, West Virginia  25301
(304) 347-1100
rharvey@bowlesrice.com
kendra.amick@bowlesrice.com
**(*Representing Allstate Property and Casualty Insurance Company in Counts II and III*)**


*/s/Michael A. Meadows*
Michael A. Meadows (WVSB # 10100)
Burns White LLC
720 4th Avenue
Huntington, West Virginia  25701-1424
(304) 963-4962
mameadows@burnswhite.com
**(*Representing Allstate Property and Casualty Insurance Company on UIM Claim*)**

6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

HOLLY G. DICOCCO,

    Plaintiff,

v.                      CIVIL ACTION NO. 2:24-cv-85
                                                     (Removed from Circuit Court of Kanawha County
                                                     Civil Action No. 24-C-25)

ALLSTATE PROPERTY and CASUALTY
INSURANCE COMPANY and
DEIDRA BROWDER,

    Defendants.

## Certificate of Service

    I hereby certify that on February 22, 2024, I electronically filed the ***Notice of Removal*** with the Clerk of the Court using the CM/ECF system.  The undersigned further certifies that on this date a true copy of the foregoing was served upon counsel for Plaintiff by depositing the same in the United States Mail, postage prepaid, addressed to:

        Robert V. Berthold, Jr. (WVSB # 326)
        Robert V. Berthold, III (WVSB # 11065)
        Berthold Law Firm, PLLC
        208 Capitol Street
        Post Office Box 3508
        Charleston, West Virginia  25335
        Telephone:  (304) 345-5700
        Facsimile:   (304) 345-5703

                                                /s/ *Ronda L. Harvey*
                                                Ronda L. Harvey (WVSB # 6326)
                                                Bowles Rice LLP
                                                600 Quarrier Street
                                                Charleston, West Virginia  25301
                                                (304) 347-1100
                                                rharvey@bowlesrice.com

16601108.1